UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TROY COSENTINO,             :

     Plaintiff,           :

V.                     :     CASE No. 3:11-cv-1669(RNC)

TOWN OF HAMDEN, et al.,    :

     Defendants.         :

RULING AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983 against the Town of Hamden, Hamden Police Chief Wydra, and Hamden Police officers Cameron, Putnam, Liguori and Sullivan alleging that while in custody at the Hamden Police Department (HPD) he was violently assaulted and denied medical care for his injuries.[1] Defendants have moved for summary judgment on the claims against the Town and Wydra contending that the evidence does not support municipal or supervisory liability.  They seek summary judgment on the claims against Putnam, Liguori and Sullivan on the ground that they have not been served with process.  For reasons that follow, the motion for summary judgment is granted as to the claims against the Town and Wydra but denied as to the claims against Putnam, Liguori and Sullivan.

I. Background

This action arises out of events that occurred in the detention area at Hamden Police Headquarters on September 1,

---

[1]  State law claims alleging negligence and recklessness have been withdrawn.

2009, following the plaintiff's arrest.  After being processed, plaintiff was handcuffed to a bench to await interrogation. Plaintiff alleges that although he was passive and compliant, Officer Cameron made lewd and derogatory comments to him, accused him of leading the police on a chase earlier that week, told him he "better confess or else" and threatened to "kick his ass." Plaintiff alleges that in reflexive response to Cameron's statements, he stood up, his hand came out of the handcuffs, he stumbled forward, "found himself upon [Cameron]," and "wrapped his arms around [Cameron's] waist to avoid falling to the floor." According to plaintiff, Cameron immediately subdued him and secured him in restraints.  Seconds later, plaintiff alleges, Officers Putnam, Liguori and Sullivan rushed into the room and the officers as a group proceeded to punch and kick him causing serious injuries.  Plaintiff alleges that he was denied medical care because he refused to sign a statement admitting that he had assaulted Cameron.  After a delay of six hours, plaintiff alleges, he was finally taken to a hospital where he was diagnosed with rib fractures.

II. Summary Judgment

Summary judgment may be granted when there is no "genuine issue as to any material fact" and, based on the undisputed facts, the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  See D'Amico v. City of New York, 132 F.3d

2

145, 149 (2d Cir. 1998).  A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether summary judgment is proper, the record must be viewed in the light most favorable to the plaintiff.  See Sheppard v. Beerman, 317 F.3d 351, 354 (2d Cir.2003).  This requires the court to resolve all ambiguities and draw all permissible inferences in favor of the plaintiff. See Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2d Cir.1997).

III. Discussion

A. Monell *Claim Against the Town of Hamden*

       Plaintiff seeks to hold the Town liable for the officers' alleged use of excessive force on the ground that "the brutality inflicted . . . was the result of a policy of the town and its Chief of Police created by the longstanding condoning of such practices by Hamden officers."  Pl.'s Opp'n to Summ. J. (ECF No. 37) at *4.  Under Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 694 (1978), plaintiff cannot prevail on his claim unless he demonstrates that, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."  Board of Comm'rs v. Brown, 520 U.S. 397, 404 (1997).  The evidence does not support such a finding.

       To the extent plaintiff's claim is premised on a failure to

3

supervise or discipline, he must prove "deliberate indifference" on the part of the Town.  <u>See</u> <u>Thomas v. Roach</u>, 165 F.3d 137, 145 (2d Cir. 1999).  "To prove such deliberate indifference, the plaintiff must show that the need for more or better supervision to protect against constitutional violations was obvious." <u>Vann v. City of New York</u>, 72 F.3d 1040, 1049 (2d Cir. 1995).  An "obvious need" for more or better supervision "may be demonstrated through proof of repeated complaints of civil rights violations; deliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or forestall further incidents." <u>Id.</u>  <u>See also</u> <u>DeCarlo v. Fry</u>, 141 F.3d 57, 61-62 (2d Cir. 1998); <u>Ricciuti v. N.Y.C. Transit Auth.</u>, 941 F.2d 119, 123 (2d Cir. 1991).

Plaintiff alleges that the Town had actual knowledge of prior incidents of unreasonable force and consistently failed to take any action.  <u>See</u> Pl.'s Rule 56(a)(2) Statement (ECF No. 37-1), ¶ 3.  Plaintiff's opposition memorandum contains a conclusory statement that "there is not one single case in which any Hamden police officer ever has been disciplined in any manner for the use of unreasonable force."  Pl.'s Opp'n to Summ. J. (ECF No. 37) at *4.  But plaintiff fails to present evidence from which a jury could reasonably infer that the Town ignored complaints of

excessive force or failed to take meaningful action.[2]

Plaintiff submits documents relating to four complaints against HPD by other complainants as well as Wydra's response to plaintiff's own complaint.  Of the other four complaints, one alleges excessive use of Tasers by other officers in 2011, two years after the events at issue here.  The complainant's statement regarding that incident suggests that a meaningful investigation was conducted and plaintiff submits no evidence to the contrary.[3]  Two of the other complaints submitted by the plaintiff allege use of excessive force by defendants Putman and Cameron, respectively, in 2006 and 2009.  Plaintiff presents no evidence that either of these complaints was not sufficiently investigated.  The fourth complaint, filed in 2000, appears to allege harassment by other officers relating to a search.  The record indicates that this complaint also was investigated.

Turning to Wydra's response to plaintiff's own complaint of excessive force, Wydra informed the plaintiff that he "would not be conducting an official internal administrative investigation" into plaintiff's complaint because the complaint was not

---

[2] Plaintiff does not contend that the alleged beating itself was so egregious as to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference

[3] Under Fiacco v. City of Rensselaer, N.Y., 783 F.2d 319 (2d Cir. 1986), failure to take written statements from complainants may reflect indifference to the use of excessive force.  Id. at 328-32.

submitted within sixty days of the incident, the time limit in
the collective bargaining agreement between the Town and the
police officers' union for initiating official investigations.
Pl's Ex. 5 (ECF No. 37-6).  The response also stated:  "I have
conducted a careful and detailed review of the case incident
reports submitted by the police personnel . . . .  Based on that
review, it appears that the level of force used by Hamden Police
personnel in the detention area was reasonable and justified in
light of the totality of circumstances present."  Id.

        Viewed collectively, the evidence concerning the other four
complaints and Wydra's response to the plaintiff's own complaint
is insufficient to support a reasonable finding of deliberate
indifference on the part of the Town (or Chief Wydra) as required
for Monell liability.  The cases plaintiff cites support this
conclusion.  In Fiacco v. City of Rensselaer, N.Y., the evidence
permitted a jury to find that "the City had in place general
procedures relating to the appropriate supervision of police
officers but had declined to implement them."  783 F.2d 319, 329
(2d Cir. 1986).  The Fiacco plaintiff introduced seven written
complaints, testimony of four of the complainants, and testimony
of the police chief as to his handling of the complaints.  The
evidence showed that in each instance essentially no action was
taken.  Id. at 330-31.  The Court found that this evidence was
sufficient to establish a policy of nonsupervision of police

officers amounting to deliberate indifference to the use of excessive force.  See also Galindez v. Miller, 285 F. Supp. 2d 190, 198-200 (D. Conn. 2003). (city's failure to reasonably investigate complaints and absence of punitive consequences for any accused officer after more than seventy excessive force complaints over three years sufficient to support Monell claim). Here, in contrast, the record shows that a complaint process existed and that the filing of a complaint usually triggered an investigation in which statements from complainants were taken. In the absence of evidence that the investigations or results were improper, Monell liability cannot be established in this case based on a theory of failure to supervise or discipline. See Jones v. Town of E. Haven, 691 F.3d 72, 85 (2d Cir. 2012); Thomas v. Roach, 165 F.3d 137, 145 (2d Cir. 1999); Sarus v. Rotundo, 831 F.2d 397, 401-02 (2d Cir. 1987).

Plaintiff also fails to present evidence of inadequate training procedures to support a Monell claim.  Failure to train can support municipal liability if the failure reflects deliberate indifference to violations of constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989).  To prevail on this theory, plaintiff must present evidence "as to whether the Town trained its officers . . . how the training was conducted, how better or different training could have prevented the challenged conduct, or how a hypothetically well-trained

7

officer would have acted under the circumstances." <u>Amnesty
America v. Town of West Hartford</u>, 361 F.3d 113, 132 (2d Cir.
2004).  No such evidence is presented.

*B. Supervisory Claim Against Chief Wydra*

Plaintiff's claim against Chief Wydra is similarly
unsupported.  Under § 1983, a supervisor may be liable for a
subordinate's violation if the supervisor participated in the
wrongful conduct, failed to remedy known violations of
constitutional rights, created a policy or custom under which
unconstitutional practices occurred, allowed such a policy or
custom to continue, or was grossly negligent in managing
subordinates.  <u>See</u> <u>Doe v. Whidden</u>, No. 13-0787-cv, 2014 WL
642671, at *1 (2d Cir. Feb. 20, 2014).  There is no allegation
that Wydra directly participated in the alleged assault.  And the
evidence does not permit a finding that Wydra failed to remedy a
known violation, created or permitted a policy or custom under
which unconstitutional practices occurred, or was grossly
negligent in managing subordinates.

*C. Claims Against Defendants Putnam, Liguori and Sullivan*

Defendants Putnam, Liguori and Sullivan argue that all
charges against them should be dismissed for lack of personal
jurisdiction because plaintiff has failed to effect service of
process on any of them.  Defendants waived this defense by
failing to raise it as required by applicable rules.  <u>See</u> <u>Bates</u>

v. C & S Adjusters, Inc., 980 F.2d 865, 868 n.1 (2d Cir. 1992).

IV. Conclusion

Accordingly, the motion for summary judgment [ECF No. 36] is hereby granted as to the claims against the Town of Hamden and Chief Wydra and denied as to the claims against defendants Putnam, Liguori and Sullivan.  In accordance with the scheduling order, the joint trial memorandum is due May 1, 2014.

So ordered this 31st day of March 2014.


                              /s/RNC
                         _____

                         Robert N. Chatigny
                         United Stated District Judge

9